UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS, | No. 2:18-cv-2046-EFB P |
| Petitioner, | |
| v. | ORDER |
| U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and will dismiss the petition with leave to amend because it violates Rule 2 of the Rules Governing § 2254 Cases.

/////

---

[1] Buried within various exhibits filed by petitioner on August 8, 2018, is an application to proceed in forma pauperis. *See* ECF No. 3 at 17-18, 25-26. Examination of the in forma pauperis application reveals that he is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

| | |
|---|---|
| 1 | An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2(c), Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Moreover, a petitioner who seeks relief from multiple judgments must file a separate petition as to each judgment. *See* Rule 2(e), Rules Governing § 2254 Cases. |

In his amended petition (ECF No. 5), petitioner challenges both a civil judgment (referring to *Mills v. Los Angeles Superior Court*, Case No. 2:17-cv-2667-MCE-KJN (E.D. Cal.)), and a criminal judgment (referring to Los Angeles County Criminal Case No. VA088677). ECF No. 5 at 3-4. The petition provides very little information regarding the factual basis of petitioner's claims and does not include a request for relief. Further, petitioner may not challenge a civil judgment by way of habeas corpus. *See Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (a prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983). If petitioner wishes to pursue habeas relief with respect to his Los Angeles conviction, he has chosen the wrong venue. *See* 28 U.S.C. § 2241(d). The Los Angeles County Superior Court is located within the Central District of California, which is also where petitioner is confined.

Accordingly, petitioner's application for writ of habeas corpus is summarily dismissed with leave to amend. Petitioner is cautioned that any amended petition must challenge only one conviction and must state facts to support each ground for relief.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* (ECF No. 3) is granted.

2. Petitioner's application for writ of habeas corpus (ECF No. 5) is summarily dismissed.

/////

/////

3. Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order.

4. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: October 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE